**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| HON. JOSEPH E. SCHMITZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-415 (TSE/MSN) |
| | ) | |
| U.S. DEPARTMENT OF DEFENSE OFFICE | ) | |
| OF INSPECTOR GENERAL, and U.S. | ) | |
| DEPARTMENT OF DEFENSE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>ANSWER</u>

The United States Department of Defense ("DoD") and the United States Department of Defense Office of Inspector General ("DoD OIG") (collectively "Defendants"), by and through their undersigned counsel, and for their Answer to the Complaint in this action, admits, denies, and avers as follows[1]:

## PARTIES

1.     Defendants admit that Plaintiff is Joseph E. Schmitz.  Defendants admit the remaining allegations in this paragraph.

2.     Defendants deny that they are in possession, custody, and control of records that Plaintiff seeks.  The remaining allegations of this paragraph constitutes conclusions of law that require no response.

---

[1]  For ease of reference, Defendants replicate the headings contained in the Complaint.  Although no response is required to such headings, to the extent a response is required because those headings and titles could be construed as containing factual allegations, those allegations are denied.

## JURISDICTION AND VENUE

3.      The allegations of this paragraph constitute legal conclusions that require no response.

4.      The allegations of this paragraph constitute legal conclusions that require no response.

5.      The allegations of this paragraph constitute legal conclusions that require no response.

## RELEVANT FACTS

6.      The allegations of this paragraph constitute either a characterization of Plaintiff's action or legal conclusions that do not require a response.  To the extent that the allegations in this paragraph are considered factual, Defendants lack knowledge and information sufficient to form a belief as to the truth of these allegations, and on that basis, deny.

**I.      Sally Donnelly's Commercial Relationships and Conflicted Conduct.**

7.      The allegations of this paragraph constitute a characterization of Plaintiff's action that do not require a response.  To the extent that the allegations in this paragraph are considered factual, Defendants lack knowledge and information sufficient to form a belief as to the truth of these allegations, and on that basis, deny.

8.      The allegations of this paragraph constitute a characterization of Plaintiff's action that do not require a response.  To the extent that the allegations in this paragraph are considered factual, Defendants lack knowledge and information sufficient to form a belief as to the truth of these allegations, and on that basis, deny.

9.      Defendants lack knowledge and information sufficient to form a belief as to the truth of these allegations, and on that basis, deny.

10. DoD OIG admits that it has previously made publicly available a report entitled "Report on the Joint Enterprise Defense Infrastructure (JEDI) Cloud Procurement," and that report speaks for itself and is the best evidence of its contents. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis, deny those remaining allegations.

11. The allegations of this paragraph constitute a characterization of Plaintiff's action that do not require a response. To the extent that the allegations in this paragraph are considered factual, Defendants lack knowledge and information sufficient to form a belief as to the truth of these allegations, and on that basis, deny.

12. The allegations of this paragraph constitute either a characterization of Plaintiff's action or legal conclusions that do not require a response. To the extent that the allegations in this paragraph are considered factual, Defendants lack knowledge and information sufficient to form a belief as to the truth of these allegations, and on that basis, deny.

13. DoD OIG admits that it has previously made publicly available a report entitled "Report on the Joint Enterprise Defense Infrastructure (JEDI) Cloud Procurement," and that report speaks for itself and is the best evidence of its contents. DoD lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies those remaining allegations.

14. The allegations of this paragraph constitute a characterization of Plaintiff's action that do not require a response. To the extent that the allegations in this paragraph are considered factual, Defendants lack knowledge and information sufficient to form a belief as to the truth of these allegations, and on that basis, deny.

15. The allegations of this paragraph constitute a characterization of Plaintiff's action

that do not require a response.  To the extent that the allegations in this paragraph are considered factual, Defendants lack knowledge and information sufficient to form a belief as to the truth of these allegations, and on that basis, deny.

## II.   DoD Previously Has Improperly Withheld Information Plainly Subject to FOIA Regarding Donnelly.[2]

16.     The allegations of this paragraph constitute either a characterization of Plaintiff's action or legal conclusions that do not require a response.  To the extent that the allegations in this paragraph are considered factual, DoD denies.

17.     DoD admits that it has previously produced certain records to Plaintiff containing the excerpts identified in this paragraph and those records speak for themselves and are the best evidence of their contents.  The remaining allegations of this paragraph constitute either a characterization of Plaintiff's action or legal conclusions that do not require a response.  To the extent that these allegations in this paragraph are considered factual, DoD denies.

18.      DoD admits that it has previously produced certain records to Plaintiff containing the excerpts identified in this paragraph and those records speak for themselves and are the best evidence of their contents.  The remaining allegations of this paragraph constitute either a characterization of Plaintiff's action or legal conclusions that do not require a response.  To the extent that these allegations in this paragraph are considered factual, DoD denies.

19.     DoD admits that Plaintiff has previously requested certain records from DoD and that DoD responded to that request to the extent required and permitted under the law, and those

---

[2]  Defendants interpret these allegations as being directed at DoD only.  To the extent they could be construed as being directed at DoD OIG, it responds that the allegations of these paragraphs constitute either a characterization of Plaintiff's action or legal conclusions that do not require a response.  To the extent that the allegations in these paragraphs are considered factual, DoD OIG lacks knowledge and information sufficient to form a belief as to the truth of these allegations, and on that basis, denies.

responses speak for themselves and are the best evidence of their contents. The remaining allegations of this paragraph constitute either a characterization of Plaintiff's action or legal conclusions that do not require a response. To the extent that these allegations in this paragraph are considered factual, DoD denies.

20.     DoD admits that it has previously produced certain records to Plaintiff containing the excerpt identified in this paragraph and those records speak for themselves and are the best evidence of their contents. The remaining allegations of this paragraph constitute either a characterization of Plaintiff's action or legal conclusions that do not require a response. To the extent that these allegations in this paragraph are considered factual, DoD denies.

21.     DoD admits that Plaintiff has previously requested certain records from DoD and that DoD responded to that request to the extent required and permitted under the law, and those responses speak for themselves and are the best evidence of their contents. The remaining allegations of this paragraph constitute either a characterization of Plaintiff's action or legal conclusions that do not require a response. To the extent that these allegations in this paragraph are considered factual, DoD denies.

22.     DoD admits that Plaintiff has previously requested certain records from DoD and that DoD responded to that request to the extent required and permitted under the law, and those responses speak for themselves and are the best evidence of their contents. The remaining allegations of this paragraph constitute either a characterization of Plaintiff's action or legal conclusions that do not require a response. To the extent that these allegations in this paragraph are considered factual, DoD denies.

23.     DoD admits that Plaintiff has previously requested certain records from DoD and that DoD responded to that request to the extent required and permitted under the law, and those

responses speak for themselves and are the best evidence of their contents.  The remaining allegations of this paragraph constitute either a characterization of Plaintiff's action or legal conclusions that do not require a response.  To the extent that these allegations in this paragraph are considered factual, DoD denies.

III.    **The Court Should Enforce Plaintiff's FOIA Request for Documents and Records Related to Donnelly's Role as FOIA Intended.**

24.    DoD OIG admits that it has previously made publicly available a report entitled "Report on the Joint Enterprise Defense Infrastructure (JEDI) Cloud Procurement" on or about April 15, 2020, and that report speaks for itself and is the best evidence of its contents.  DoD OIG lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies the remaining allegations.  Moreover, DoD lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis, denies.

25.    DoD OIG admits that Plaintiff sent the agency a letter dated June 3, 2020 requesting certain records, which is attached as Exhibit A to the Complaint and speaks for itself and is the best evidence of its contents.  To the extent that the allegations contained within this paragraph are inconsistent with the letter, defendants deny the same.

26.    DoD OIG admits that it has previously made publicly available a report entitled "Report on the Joint Enterprise Defense Infrastructure (JEDI) Cloud Procurement" on or about April 15, 2020, and that report speaks for itself and is the best evidence of its contents.  DoD OIG lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies the remaining allegations.  Moreover, DoD lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis, denies.

27.     DoD OIG admits that on June 12, 2020, it responded to Plaintiff's June 3, 2020 letter, in part, as follows: "As currently worded, the search for responsive records is expected to yield an enormous amount of records."  DoD OIG also admits that Plaintiff formally agreed to narrow his request for records contained in the June 3, 2020 letter.  DoD OIG further admits that it produced a 22-page document entitled "Report of Investigation."  The remaining allegations of this paragraph are characterizations of Plaintiff's action that do not require a response from DoD OIG.  To the extent that these allegations are considered factual, DoD OIG denies.  Moreover, DoD lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis, denies.

28.     DoD OIG admits that Plaintiff sent the agency a letter dated August 18, 2020 requesting certain records, which is attached as Exhibit B to the Complaint and speaks for itself and is the best evidence of its contents.  DoD OIG also admits that it responded to Plaintiff's letter by producing at least another 22-page document entitled "Information Report" on or about November 20, 2020.  The remaining allegations of this paragraph are characterizations of Plaintiff's action that do not require a response from DoD OIG.  To the extent that these allegations are considered factual, DoD OIG denies.  Moreover, DoD lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis, denies.

29.     DoD OIG admits that Plaintiff sent the agency a letter dated December 8, 2020 requesting certain records, which is attached as Exhibit C to the Complaint and speaks for itself and is the best evidence of its contents.  DoD OIG also admits that it provided a preliminary response to Plaintiff's letter by producing 74 pages of documents on or about January 26, 2021.  DoD OIG further admits that it provided another response to that letter by producing 89 pages of

documents on or about February 18, 2021, including interview transcripts for former Secretary of Defense James Mattis, Sally Donnelly, and Anthony DeMartino, and in the same timeframe, it informed Plaintiff that certain documents responsive to the request in the letter would be referred to the Office of Secretary of Defense/Joint Staff for further processing and a direct response to Plaintiff.  The remaining allegations of this paragraph are characterizations of Plaintiff's action that do not require a response from DoD OIG.  To the extent that these allegations are considered factual, DoD OIG denies.  Moreover, DoD lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis, denies.

30.     The allegations of this paragraph are characterizations of Plaintiff's action or legal conclusions that do not require a response.  To the extent that the allegations in this paragraph are considered factual, Defendants deny.

31.     The allegations of this paragraph constitute either a characterization of Plaintiff's action or legal conclusions that do not require a response.  To the extent that the allegations in this paragraph are considered factual, Defendants deny.

32.     The allegations of this paragraph constitute either a characterization of Plaintiff's action or legal conclusions that do not require a response.  To the extent that the allegations in this paragraph are considered factual, Defendants deny.

33.     The allegations of this paragraph constitute either a characterization of Plaintiff's action or legal conclusions that do not require a response.

34.     The allegations of this paragraph constitute either a characterization of Plaintiff's action or legal conclusions that do not require a response.

35.     The allegations of this paragraph constitute either a characterization of Plaintiff's action or legal conclusions that do not require a response.  To the extent that the allegations of this

paragraph are deemed factual, Defendants deny.

### COUNT I: VIOLATION OF FOIA

36.     Defendants incorporate the preceding paragraphs as if fully set forth herein.

37.     DoD OIG admits that Plaintiff sent the agency a letter dated June 3, 2020 requesting certain records, which is attached as Exhibit A to the Complaint and speaks for itself and is the best evidence of its contents.  DoD OIG also admits that upon receipt of that letter, the case number DODOIG-2020-000915 was assigned.  The remaining allegations of this paragraph constitute a legal conclusion that does not require a response from DoD OIG.

38.     DoD OIG admits that Plaintiff sent the agency a letter dated August 18, 2020 requesting certain records, which is attached as Exhibit B to the Complaint and speaks for itself and is the best evidence of its contents.  DoD OIG also admits that upon receipt of that letter, the case number DODOIG-2020-001143 was assigned.  The remaining allegations of this paragraph constitute a legal conclusion that does not require a response from DoD OIG.

39.     DoD OIG admits that Plaintiff sent the agency a letter dated December 8, 2020 requesting certain records, which is attached as Exhibit C to the Complaint and speaks for itself and is the best evidence of its contents.  DoD OIG also admits that upon receipt of that letter, the case number DODOIG-2021-000223 was assigned.  The remaining allegations of this paragraph constitute a legal conclusion that does not require a response from DoD OIG.

40.     The allegations of this paragraph constitute either characterizations of Plaintiff's action or legal conclusions that do not require a response.  To the extent that the allegations in this paragraph are considered factual, DoD OIG denies.

41.     The allegations of this paragraph constitute either characterizations of Plaintiff's action or legal conclusions that do not require a response.  To the extent that the allegations in this

paragraph are considered factual, DoD OIG denies.

42.    The allegations of this paragraph constitute legal conclusions that do not require a response.

43.    The allegations of this paragraph constitute legal conclusions that do not require a response.   To the extent that the allegations in this paragraph are considered factual, Defendants deny.

## PRAYER FOR RELIEF

The remainder of the Complaint constitutes a prayer for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief by this Court.

## DEFENSES

Any allegation not specifically admitted or denied is expressly denied.

### First Defense

The Court lacks subject-matter jurisdiction over this Freedom of Information Act ("FOIA") case, including because the case is moot due to documents already produced to Plaintiff.

### Second Defense

Plaintiff has not exhausted his administrative remedies under the FOIA.

### Third Defense

Plaintiff seeks documents that, subject to review, may be lawfully withheld by Defendants pursuant to applicable FOIA exemptions.

### Fourth Defense

The FOIA does not provide for declaratory relief against a federal agency.

### Fifth Defense

Plaintiff has failed to state a claim upon which relief can be granted.

### Sixth Defense

At all times alleged in the Complaint, Defendants acted in good faith, with justification, and pursuant to authority.

### Seventh Defense

Defendants reserve the right to assert any additional defenses that may become evident in these proceedings.

WHEREFORE, Defendants, having fully answered the allegations of the Complaint, request that this Court dismiss this case, deny Plaintiff all relief requested, and enter judgment in Defendants' favor, including all costs, charges and fees permitted by law, and for such further relief as the Court deems just and proper.

Respectfully submitted,

RAJ PAREKH
ACTING UNITED STATES ATTORNEY

By:      _____/s/_____

HUGHAM CHAN
Assistant United States Attorneys
Office of the United States Attorney
Justin S. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3743
Fax:        (703) 299-3983
Email: Hugham.Chan@usdoj.gov

Date: June 1, 2021                    *Counsel for Defendants*

*Of Counsel*:     Erin Mellen
                  Associate General Counsel
                  Department of Defense Office of
                  Inspector General

                  Mark Herrington
                  Associate Deputy General Counsel
                  Department of Defense Office of
                  General Counsel

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court

using the CM/ECF system, which will send a notification of such filing to the following:

Dennis Dean Kirk, Esq. (VSB No. 31343)
6315 Anneliese Drive
Falls Church, Virginia 22044
Telephone: (703) 536-2286
Kirklawfac@gmail.com

*Counsel for Plaintiff*

_____/s/_____
HUGHAM CHAN
Assistant United States Attorney
Office of the United States Attorney
Justin S. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3743
Fax:         (703) 299-3983
Email:  Hugham.Chan@usdoj.gov

Date: June 1, 2021                              *Counsel for Defendants*